IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SIDNEY DANALS, | CASE NO. 1:24-cv-1616 |
| Plaintiff, | DISTRICT JUDGE |
| | PAMELA A. BARKER |
| vs. | |
| | MAGISTRATE JUDGE |
| SIEMENS MEDICAL SOLUTIONS | JAMES E. GRIMES JR. |
| USA, INC., | |
| Defendant. | **REPORT AND** |
| | **RECOMMENDANTION** |

In July 2025, the Court attempted to conduct a mediation conference in this matter. Attorneys for both parties, and a representative for Defendant, appeared but Plaintiff Sidney Danals failed to appear. Without Danals's presence the Court could not conduct the mediation conference as scheduled. Defendant's counsel and it's representative both traveled from out of state and arranged for accommodations at local hotels so that they could appear in person at the mediation conference. Given Danals's failure to appear, the Court gave Defendant the opportunity to file a motion to seek recovery of the costs to appear and provided a time by which Plaintiff could respond. *See* Doc. 20. Defendant filed a motion for costs and fees, Doc. 22, Plaintiff opposed, Doc. 24, and Defendant replied, Doc. 27. The District Court referred Defendant's motion to issue a report and recommendation. Doc. 23. For the reasons stated,

I recommend that the District Court grant Defendant's motion for costs and fees.

*Discussion*

The Supreme Court has long held that federal courts have certain "inherent powers" including "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (citations omitted). One such sanction may be an award of attorney's fees, meaning an order to a "party that has acted in bad faith to reimburse legal fees and costs incurred by the other side." *Id.*

> This Court has made clear that such a sanction, when imposed pursuant to civil procedures, must be compensatory rather than punitive in nature. *See Mine Workers v. Bagwell*, 512 U.S. 821, 826–830, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994) (distinguishing compensatory from punitive sanctions and specifying the procedures needed to impose each kind). In other words, the fee award may go no further than to redress the wronged party "for losses sustained"; it may not impose an additional amount as punishment for the sanctioned party's misbehavior. *Id.*, at 829, 114 S.Ct. 2552 (quoting *United States v. Mine Workers*, 330 U.S. 258, 304, 67 S.Ct. 677, 91 L.Ed. 884 (1947)).

*Id.* at 108 (footnote omitted).

The Sixth Circuit has articulated a two-step inquiry to apply when considering whether certain conduct is subject to the court's inherent authority to issue sanctions. *See Williamson v. Recovery Ltd. P'ship*, 826 F.3d 297, 302 (6th Cir. 2016). First, the court should consider whether the party engaged in conduct "that hampered the enforcement of a court order." *Id.* Second, if the

2

conduct did hamper the enforcement of a court order, whether the party acted in bad faith. *Id*. For conduct to support a finding of bad faith, conduct "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

Turning first to whether Danals's failure to appear "hampered the enforcement of a court order." *Williamson*, 826 F.3d at 302. The Court issued an order that scheduled the mediation conference for July 22, 2025, to occur in person. *See* Doc. 15. Danals failed to appear at that conference or otherwise participate in the conference that was established by the Court's order. He thus "hampered" the Court's ability to conduct the mediation conference as ordered. So the first factor supports the Court's exercise of its inherent powers.

The second factor, whether Danals acted in bad faith, likewise supports the Court's exercise of its inherent powers. For starters, Danals's absence was unexcused and unexplained. In his response, Danals asserts that "[a] mistake in communication led to [his] failure to attend the mediation conference, not bad faith[.]" Doc. 24, at 1. This assertion is not well taken. As an initial issue, Danals's counsel was in attendance and represented to the Court and counsel that he was engaged in communications with Danals about the mediation that day. Specifically, as Defendant notes, Danals's counsel shared "a text message from [Danals] that he was 'on [his] way' followed by complete silence and failure to appear[.]" Doc. 27, at 2. Additionally, on July 15, 2025, Plaintiff's

counsel informed Defendant that he and Danals would attend the mediation conference. *See* Doc. 22-1. So it is unclear how Danals could assert that he failed to appear based on "mistake." Doc. 24, at 1. To the contrary, the fact that Danals's argument  is directly contradicted by his own actions tends to demonstrate a "reckless disregard for the effect of [his] conduct on th[e] proceedings." *See* 420 F.3d at 643.

Both factors thus support the Court's exercise of its inherent power to sanction Danals by assessing against him the costs and fees incurred by Defendant's counsel and its representative to appear at the mediation conference. *See* L.R. 16.6(f) (providing that "[w]illful failure of a party to attend [a] mediation conference … may [result in] appropriate sanctions").

As a final issue, Danals argues that the amount of costs and fees described by Defendant is excessive and the Court should not assess the full amount requested. *See* Doc. 24, at 3. In support of this argument, Danals inexplicably asserts that "Defendant fail[ed] to identify any authority under which it is entitled to seek recovery of attorney fees." *Id*. This assertion ignores Defendant's citation to *Goodyear* and, more generally, the "inherent powers" described in Defendant's motion. *See* Doc. 22, at 3–4.

Additionally, Danals's position that the requested costs and fees are insufficiently documented or are otherwise "general and vague"  fails. *See* Doc. 24, at 3. The Defendant provided support for the requested costs in its motion through copies of receipts and other documents. *See* Docs. 22-2, 22-3. Further,

Defendant's motion described the hours worked and billable rate, including Defendant's counsel's specific hourly rate applicable to the Defendant, in support of the requested attorneys' fees. *See* Doc. 22, at 3. Defendant also provided, as an exhibit to its reply brief, additional documentation responsive to Danals's argument critiquing Defense counsel's calculations of both costs and attorneys' fees. *See* Doc. 27, at 3–4; *see also* Docs. 27-1, 27-2. Danals nevertheless invites the Court to assess less than this documentation indicates because he believes it is "excessive." Doc. 24, at 4. The Court should decline this invitation because the documentation provided shows the actual amount incurred. This amount is not excessive; it shows the specific amount of costs and fees incurred by Defendant as a result of Danals's interference with the judicial process, i.e., his failure to appear or participate in the July 22, 2025 attempted Mediation Conference.

*Recommendation*

For all of the reasons stated, I recommend that the Court grant Defendant's motion for costs and fees. Doc. 22.

Dated: September 11, 2025

*/s/ James E. Grimes Jr.*
James E. Grimes Jr.
U.S. Magistrate Judge

5

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530–531 (6th Cir. 2019).